617 A.2d 380

**Michael J. WHYTE, Appellant,**

v.

**Todd M. ROBINSON, Appellee.**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Nov. 16, 1992.

36

William S. Friedlander, Waverly, N.Y., for appellant.

Richard A. Gray, Williamsport, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

KELLY, Judge:

This direct appeal by Michael J. Whyte asks us to determine whether the trial court erred in denying appellant's postverdict motions for a new trial on damages or, alternatively, for a new trial on all issues. Appellant sustained serious leg injuries as a pedestrian involved in a motor vehicle accident. Appellant argues that the trial court erroneously admitted insufficient and incompetent evidence of appellant's alleged intoxication thereby tainting the judicial process. Because the jury may have based its verdict on improperly admitted evidence, appellant urges that the grant of a new trial is appropriate. After a careful review of the pertinent law as applied to the facts herein, we agree that the evidence of appellant's intoxication was both insufficient and incompetent. The admission of that evidence, therefore, constitutes reversible error. Accordingly, we reverse and remand for a new trial on all issues.

## I. FACTS AND PROCEDURAL HISTORY

Sometime between 10:15 p.m. and 10:45 p.m. on the night of November 7, 1987, appellant (Michael Whyte) was driving southbound on Schrader Creek Road. The weather and roads were clear and dry. While driving, Whyte spotted chrome off to his right and down an embankment bordering this country road. Whyte stopped his pickup truck in the roadway, angling

the truck slightly to the right so that his headlights illuminated the embankment. Leaving his truck with the motor running and lights on, Whyte climbed down the embankment to investigate. At the bottom, he discovered an unoccupied car, left where it had collided with a tree. Whyte then climbed back up the embankment to return to his truck and drive away. As he reached his truck, he noticed that another car was stopped behind him, waiting for Whyte to get back into his truck and to drive away. Whyte walked around the front of his truck, pausing momentarily by the driver's door in order to light a cigarette. As he was about to open the door, a car driven by appellee (Todd M. Robinson) approached from the opposite direction. Before Whyte could move, Robinson's car struck his leg. Whyte sustained uncontroverted multiple leg fractures. Subsequently, Whyte developed a bone infection known as osteomyelitis, a painful and persistent disease. Moreover, Whyte's chances of developing arthritis substantially increased as a result of his leg injuries. In January, 1989, Whyte commenced this suit against Robinson for damages resulting from that accident.

Prior to the commencement of the February, 1990 trial, the court denied Whyte's pre-trial motions to exclude proposed evidence of his intoxication on the night of the accident. Following trial, the jury rendered a verdict for Whyte of $7,800.00, the amount stipulated by the parties as his lost wages. Although the jury found that Whyte was not comparatively negligent, the jury did not award any damages for pain and suffering. The trial court denied Whyte's post-trial motions. This timely appeal followed.

## II. STANDARD OF REVIEW

The Superior Court's standard for reviewing the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which affected the outcome of the case. *Melso v. Sun Pipe Line Co.*, 394 Pa.Super. 578, 576 A.2d 999 (1990), *appeal denied*, 527 Pa. 667, 593 A.2d 842 (1991); *Cooper v. Burns*, 376 Pa.Super. 276, 545 A.2d 935 (1988),

*appeal denied,* 522 Pa. 619, 563 A.2d 888 (1989). We will reverse the trial court's denial of a new trial only where there is a clear abuse of discretion or an error of law which controlled the outcome of the case. *Vignoli v. Standard Motor Freight, Inc.,* 418 Pa. 214, 210 A.2d 271 (1965); *Cash-dollar v. Mercy Hospital of Pittsburgh,* 406 Pa.Super. 606, 595 A.2d 70 (1991). The trial court abuses its discretion when it misapplies the law or when it reaches a manifestly unreasonable, biased or prejudiced result. *Girard Trust Bank v. Remick,* 215 Pa.Super. 375, 258 A.2d 882 (1969). Abuse of discretion may occur through an honest, but erroneous use of discretion. *Pachesky v. Getz,* 353 Pa.Super. 505, 509, 510 A.2d 776, 778 (1986); *Adelman v. John McShain, Inc.,* 148 Pa.Super. 138, 24 A.2d 703 (1942). A new trial may not be granted merely because the evidence conflicts and the jury could have decided for either party. *Hilbert v. Katz,* 309 Pa.Super. 466, 471, 455 A.2d 704, 706 (1983) (citations omitted). The grant of a new trial is appropriate, however, where the jury verdict *may have been* based on improperly admitted evidence. *Wilkes–Barre Iron & Wire Works, Inc. v. Pargas of Wilkes–Barre, Inc. v. Caladie,* 348 Pa.Super. 285, 294, 502 A.2d 210, 215 (1985) (citations omitted).

## III. EVIDENCE OF INTOXICATION

Questions regarding the admissibility or exclusion of evidence are also subject to the abuse of discretion standard of review. *Rogers v. Johnson & Johnson Products, Inc.,* 401 Pa.Super. 430, 436, 585 A.2d 1004, 1007 (1990) (citations omitted). Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa.Super. 14, 22, 473 A.2d 584, 588 (1984). Relevance is a threshold consideration in determining the admissibility of evidence. *Majdic v. Cincinnati Machine Co.,* 370 Pa.Super. 611, 618, 537 A.2d 334, 338 (1988). A trial court may, however, properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *Daset, supra.* Generally for the purposes of this evidentiary

rule, "prejudice" means an undue tendency to suggest a decision on an improper basis. *Id.* The erroneous admission of harmful or prejudicial evidence constitutes reversible error. *Whitman v. Riddell,* 324 Pa.Super. 177, 471 A.2d 521 (1984).

On appeal, Whyte argues that the trial court erred in admitting evidence to the effect that he was intoxicated at the time of the accident. Despite the jury's finding that Whyte was not negligent, it failed to award any damages for his uncontroverted pain and suffering. As a result, Whyte concludes that the evidence of his intoxication was highly prejudicial because the verdict reflected the jury's general distaste for his intoxication by completely disregarding Whyte's obvious, compensable and uncontroverted pain and suffering.

First, Whyte argues that the trial court erred in permitting defense counsel to ask him at trial how much beer he had consumed on the night of the accident. By so questioning Whyte, defense counsel was able to elicit Whyte's admission to consuming three beers and part of a fourth. No evidence was adduced as to the time of consumption.

Since *Critzer v. Donovan,* 289 Pa. 381, 137 A. 665 (1927), the well-settled law of this Commonwealth is that where recklessness or carelessness is at issue, proof of intoxication is relevant, but the mere fact of consuming alcohol is inadmissible as unfairly prejudicial, unless it reasonably establishes intoxication. *Cusatis v. Reichert,* 267 Pa.Super. 247, 249–50, 406 A.2d 787, 788–89 (1979) and cases cited therein. The rule of *Morreale v. Prince,* 436 Pa. 51, 53, 258 A.2d 508 (1969), states that such evidence of intoxication must reasonably establish a degree of intoxication which proves unfitness to drive where reckless or careless driving is the matter at issue. This Court, in *Kriner v. McDonald,* 223 Pa.Super. 531, 533–35, 302 A.2d 392, 394 (1973) extended the *Critzer/Morreale* rules of inadmissibility to evidence tending to establish intoxication on the part of a pedestrian. According to *Kriner,* such evidence of intoxication is inadmissible unless it proves unfitness to be crossing the street. Furthermore, no reference should be made to a pedestrian's use of alcohol unless there is evidence of excessive or copious drinking. *Cook v.*

*Philadelphia Transportation Company,* 414 Pa. 154, 158, 199 A.2d 446, 448 (1964).

■ In the instant case, the defense offered, as evidence of Whyte's intoxication at the time of the accident, the testimony of Robinson who claimed he smelled alcohol on Whyte's breath. None of the other trial witnesses present at or about the time of the accident, including Robinson's passengers, the driver of the vehicle stopped behind Whyte's truck, and the police chief were able to detect the same odor of alcohol. We find, therefore, that the odor of beer as testified to by Robinson and denied by several disinterested witnesses was not evidence tending to prove the degree of intoxication rendering Whyte unfit to walk in the street. Additionally, Whyte's treating physician, who examined him approximately three hours later, testified that he detected an odor like that of alcohol on Whyte's breath. We find that this statement, absent more, is insufficient to prove a degree of intoxication indicating any recklessness or carelessness on Whyte's part at the time of the accident.

■ Next, Whyte argues that his case was further tainted by the lay opinion testimony of Robinson and his two passengers regarding Whyte's intoxication. All three testified that they thought Whyte was intoxicated because they had seen him drunk on prior occasions and knew how he acted when he was drunk. Moreover, they testified that, after the accident, Whyte asked for a beer and a cigarette, used loud and profane language and gave the medical personnel a "hard time."

■ Where mere descriptive language is inadequate to convey precise facts or their effect on the issues of the case, a witness may supplement descriptions with opinion. *Taylor v. Fardink,* 231 Pa.Super. 259, 262, 331 A.2d 797, 799 (1974). When facts can be fully and accurately described to the jury, and the jury persons, without special knowledge or training, are capable of estimating the bearing of those facts on the issues of the case, opinions of witnesses, expert or otherwise, are inadmissible. *Id.* (citations omitted). When the appellate court concludes that prejudicial error was manifest in the

admission of lay opinion, it will reverse the trial court's decision. *McKee by McKee v. Evans*, 380 Pa.Super. 120, 139, 551 A.2d 260, 269 (1988). The *McKee* court set forth a two-step analysis for the admissibility of lay opinion testimony.

> [W]e now only require the trial court to view the proffered testimony, if based on the witness' perceptions, in light of its helpfulness to the jury in the latter's deliberation of the ultimate issue. If the trial court so concludes, it must further the inquiry to ensure that the lay opinion proffered will not unduly confuse or prejudice the fact finder. When this two-step analysis has been completed, the court will either admit or exclude the lay opinion testimony.

*Id.* at 140, 551 A.2d at 269.

Applying *McKee* to the facts herein, we are mindful that none of the defense witnesses, who opined Whyte was drunk, observed Whyte prior to the accident. Moreover, the record is devoid of any evidence such as staggering, stumbling, aimless wandering, glassy eyes or incoherent mumbling. *See e.g. Ackerman v. Delmonico*, 336 Pa.Super. 569, 486 A.2d 410 (1984) (corroborated testimony that a party had been heavily drinking prior to accident, whose breath emitted a strong odor of beer, whose speech was slurred and whose alertness was unusually low after the accident was held to be much more than a suggestion of intoxication and was properly admitted into evidence); *Hannon v. City of Philadelphia*, 138 Pa. Cmwlth. 166, 587 A.2d 845 (1991) (holding that the combined evidence of an admission to drinking more than a six-pack of beer, the use of abusive and foul language, screaming, loud and uncooperative behavior, smell of alcohol, incoherence and rambling, repeatedly ripping off a cervical collar after being warned of the dire consequences, and slurred speech was admissible). The tension in this case is between the relevance of the evidence and its prejudicial effects. We conclude, therefore, that even if remotely helpful, the lay opinion of Robinson and his companions as to Whyte's intoxication was manifestly prejudicial and should not have been admitted into evidence.

42

 Finally, Whyte argues that opposing counsel was erroneously permitted to ask if he was aware that a blood alcohol test performed on him at the hospital yielded a reading of 0.144%. Whyte submits that this admission of his blood alcohol test result was error because it was admitted without proper foundation or expert testimony. We agree.

 The presumption of legal intoxication under 75 Pa.C.S.A. § 1547(d) [1] does not apply in civil negligence cases.

1. 75 Pa.C.S.A.

§ 1547. **Chemical testing to determine amount of alcohol or controlled substance**

(a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(c) **Test results admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

(d) **Presumptions from amount of alcohol.**—If chemical testing of a person's breath, blood or urine shows:

(1) That the amount of alcohol by weight in the blood of the person tested is 0.05% or less, it shall be presumed that the person tested was not under influence of alcohol and the person shall not be charged with any violation under section 3731(a)(1) or (4) (relating to driving under influence of alcohol or controlled substance), or if the person was so charged prior to the test, the charge shall be void ab initio. This fact shall not give rise to any presumption concerning a violation of section 3731(a)(2) or (3).

(2) That the amount of alcohol by weight in the blood of the person tested is in excess of 0.05% but less than 0.10%, this fact shall not give rise to any presumption that the person tested was or was not under the influence of alcohol, but this fact may be considered with other competent evidence in determining whether the person was or was not under the influence of alcohol.

*Suskey v. Loyal Order of Moose Lodge No. 86*, 325 Pa.Super. 94, 472 A.2d 663 (1984). Moreover, the presumption has no bearing on the issue of whether a pedestrian is under the influence of alcohol to a degree which renders the pedestrian a hazard under 75 Pa.C.S.A. § 3550.[2] *Ackerman, supra* 336 Pa.Super. at 582–83, 486 A.2d at 417. Furthermore, because alcohol has no effect until absorbed into the bloodstream, which occurs thirty minutes to ninety minutes after consumption, any blood test evidence that "relates back" to a time earlier than the time the test was performed is viewed with skepticism as entirely too speculative, absent explanation. *Schwarzbach v. Dunn*, 252 Pa.Super. 454, 462, 381 A.2d 1295, 1298 (1977).

The accident causing Whyte's leg injury occurred sometime between 10:15 p.m. and 10:45 p.m. on the night of November 7, 1987. Whyte's blood alcohol was drawn at 11:56 p.m. and registered an alcohol content of 0.144%. The test was performed between sixty minutes and ninety minutes after the accident. Robinson presented no expert testimony to account for the elapsed time and for the fact that the blood-alcohol content fluctuates over time. We hold, therefore, that the bare evidence of Whyte's blood alcohol content sixty to ninety minutes after the accident was insufficient to have any probative value on the issue of his negligence at the time of the accident.

## IV. CONCLUSION

The evidence presented in this case to prove Whyte was intoxicated at the time of his injury was insufficient to such a degree that the trial court erred in admitting the evidence.

(3) That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, this fact may be introduced into evidence if the person is charged with violating section 3731.

2. 75 Pa.C.S.A.
§ 3550. **Pedestrians under influence of alcohol or controlled substance**
A pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders the pedestrian a hazard shall not walk or be upon a highway except on a sidewalk.

44

Moreover, we cannot ignore its highly prejudicial character. Furthermore, the evidence of Whyte's blood alcohol level lacked probative value, when introduced without the aid of expert testimony to make the appropriate adjustments for elapsed time and normal fluctuations of the alcohol level in the blood stream. Thus, the erroneous admission of this harmful and prejudicial evidence, with its potentially pernicious effects, warrants a new trial. We need not address, therefore, Whyte's arguments regarding the inadequacy of the jury's damage award or his request for a new trial on the issue of damages.

Judgment reversed. Case remanded for a new trial on all issues.