661 A.2d 439

**Charles E. HENERY and H. Elizabeth Henery, Appellants,**

v.

**Dale K. SHADLE, Appellee.**

Superior Court of Pennsylvania.

Argued April 4, 1995.

Filed July 11, 1995.

---

1. This is the descriptive designation of the form used in this case.

332

334

Richard E. Freeburn, Harrisburg, for appellants.

Karen Durkin, Hershey, for appellee.

Before CAVANAUGH, McEWEN, and DEL SOLE, JJ.

McEWEN, Judge:

This appeal has been taken from the judgment entered on a jury verdict in favor of appellee in this action for damages for personal injuries allegedly arising from a motor vehicle accident. Appellants, Charles Henery and Elizabeth Henery, contend that they are entitled to a new trial by reason of the jury's failure to award any damages for the injuries sustained by Charles Henery when a vehicle operated by Dale Shadle collided with the vehicle driven by appellant, Charles Henery.

We are not persuaded that reversible error occurred and, therefore, affirm.

Appellants have presented the following three arguments in support of their request for a new trial:

The jury's verdict of zero damages was against the weight of the evidence.

The trial court erred by prohibiting appellants' trial counsel from cross-examining appellee's medical witness as to his fees for testifying at trial.

The trial court erred in granting appellee's motion in limine for an order prohibiting appellants from making any reference to the subject of appellants' insurance.

We are guided in our review by the following principles set forth in *Cree v. Horn*, 372 Pa.Super. 296, 539 A.2d 446 (1988), *allo. denied*, 519 Pa. 660, 546 A.2d 621 (1988):

Our Supreme Court has held that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice.... A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor where the trial judge would have reached a different conclusion on the same facts.

*Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 365, 508 A.2d 298, 301 (1986), *allo. denied*, 514 Pa. 617, 521 A.2d 932 (1987), *quoting*, *Myers v. Gold*, 277 Pa.Super. 66, 69, 419 A.2d 663, 664 (1980) (other citations omitted).

*Cree v. Horn, supra* at 299, 539 A.2d at 448.

Appellee presents the threshold issue, namely, whether appellants, under *Picca v. Kriner*, 435 Pa.Super. 297, 645 A.2d 868 (1994), *allo. denied*, 539 Pa. 653, 651 A.2d 540 (1994), waived their right to object to the verdict of the jury because they failed to object prior to the dismissal of the jury. We are of the mind that *Picca* is not applicable to the instant case since, in *Picca*, the jury was given specific interrogatories containing overly broad language about which Picca could have made an objection before they went to the jury. Further, since the *Picca* verdict revealed that the jury there

misinterpreted an interrogatory, counsel should have attempted to have any confusion resolved by further deliberation. In the present case, however, there were no specific interrogatories for the jury to answer in rendering its verdict,[1] and the trial court gave a clear, concise jury charge outlining the applicable law of the case. Moreover, the jury was polled and each juror, when asked the amount of the award to appellant, replied, "zero". It would, therefore, have been specious for appellants to have pointed out any inconsistency, irrationality, or problem with the verdict. *Picca v. Kriner, supra* at 302, 645 A.2d at 871. Thus, it seems that application of the *Picca* waiver rule is more prudently restricted to verdicts of obvious inconsistency and clear, certain irrationality. In any event, we reject the claim of waiver presented by appellee.

■ Appellants initially argue that the concession, during cross-examination of the expert medical witness presented by appellee, that appellant Charles Henery may very well have suffered some soft tissue injury, necessitates the award of at

---

1. The decision whether to submit special interrogatories to the jury is, of course, a ruling left to the discretion of the trial court. *See: Willinger v. Mercy Catholic Medical Center,* 482 Pa. 441, 445–446 n. 4, 393 A.2d 1188, 1190 n. 4 (1978); *Walsh v. Pennsylvania Gas & Water Co.,* 303 Pa.Super. 52, 60 n. 1, 449 A.2d 573, 577 n. 1 (1982). It seems appropriate, nonetheless, to reiterate:

   [W]e are compelled to the observation that, in our view, the jury is far better prepared for its task if its deliberations are aided by the orderly focus effected in special interrogatories. While the essential simplicity of the verdict of the jury—we find for the plaintiff ... or ... we find for the defendant—may have been all that was needed in eras past, a modern trial routinely involves multiple defendants or presents complex scientific theories or relies upon the testimony of technological specialists. The trial bench and bar were quick to meet these challenges and devised the procedure of special interrogatories so as to enable the jury to focus upon and resolve several issues in orderly fashion as they move towards their final verdict—and thereby demonstrate in full measure the invaluable effectiveness of the jury system.
   *Surely, the device of special interrogatories can be every bit as helpful to a jury in resolving issues of a more traditional nature....*
   *Leichter v. Eastern Realty Co.,* 358 Pa.Super. 189, 193, 516 A.2d 1247, 1250 (1986), *allo. denied,* 515 Pa. 581, 527 A.2d 542 (1987) (emphasis supplied). Thus, only the most unusual automobile accident trial would not be served by submission to the jury of such routine special interrogatories.

least nominal damages to appellant. We disagree. This Court, in *Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885 (1984), rejected a similar claim, noting that:

> The issues as to whether [appellant] was really suffering any pain and whether any such pain was caused by [appellee's] conduct were for the jury. The jury was not required to award [appellant] any amount as it obviously believed that any injury [appellant] suffered in the accident was insignificant.

*Holland v. Zelnick, supra* at 475, 478 A.2d at 888. *Accord: Gigliotti v. Machuca*, 409 Pa.Super. 50, 58, 597 A.2d 655, 659 (1991).

> Evidence is not proof until it is believed and accepted by a trier of fact. Persons may indeed suffer pain that they attribute to a cause, but at law the cause they assert must be accepted as the cause of their pain. Their belief, however well founded in their minds, is not the cause until it finds acceptance in the minds of the fact triers.

*Boggavarapu v. Ponist*, 518 Pa. 162, 168, 542 A.2d 516, 519 (1988). Appellant Charles Henery testified that he suffered pain in his neck and back as a result of the accident. This testimony was supported by that of his family physician, Francis X. Brescia, D.O., who testified that he believed that the neck and back pain experienced by appellant was caused by the back injuries sustained in the motor vehicle accident, and it was for that difficulty that appellant had visited him, two or three times a week for 27 months, to receive physical therapy, ultrasound, and manipulation treatments. The board-certified orthopedic surgeon presented by appellee, Richard J. Boal, M.D., however, testified that appellant suffered from degenerative disc disease which existed prior to the accident and which had not been affected by the accident. Thus, there was a sure and certain evidentiary basis for the determination of the jury that the negligence of appellee was not a substantial factor in the injuries suffered by appellant. As a result, we may not disturb the verdict.

■ Appellants next contend that the trial court erred when it excluded the videotape deposition testimony of appellee's expert medical witness as to the fees he received and prohibited any testimony on the subject of appellant's insurance. Specifically, the trial court sustained defense objections to the following questions asked of the expert medical witness of appellee:

Q. Doctor, how much do you receive from the defendant with regard to your participation in this litigation?

COUNSEL: Objection, not relevant.

A. I believe we charge $750 for this deposition.

Q. Prior to that?

A. I believe we charge similar amount to do this review.

It is well established that a party is entitled to impeach an expert witness by demonstrating partiality to the party for whom the expert is testifying. *Grutski v. Kline*, 352 Pa. 401, 405, 43 A.2d 142, 144 (1945); *Smith v. Celotex Corp.*, 387 Pa.Super. 340, 348, 564 A.2d 209, 213 (1989). Thus, the trial court erred when it precluded the statement of the expert that he was paid $750.00 for the deposition appearance. Appellants, however, are not entitled to any relief as they suffered no prejudice from the ruling which sustained appellee's objection. Counsel for appellants, during cross-examination, elicited the following testimony from the expert concerning his relationship with appellee:

Q. Okay. Doctor, I assume that when you treat a patient it's the patient who is paying your charges, is that correct?

A. No, not always.

\*     \*     \*     \*     \*     \*

Q. I assume, doctor, that there is a doctor-patient relationship that exists between yourself and that patient that you are treating, correct?

A. That's correct.

Q. Charles Henery was not and never has been a patient of yours, isn't that correct?

A. That's right.

Q. He didn't contact you to treat his injured back, correct?

A. Correct.

Q. Instead, the defendant in this lawsuit contacted you solely as a result of this lawsuit to see Mr. Henery, isn't that right?

A. That's correct.

Q. Mr. Henery didn't pay you to exam his back, is that correct?

A. No, that's correct.

Q. The defendant paid you to see Mr. Henery and examine his back, correct?

A. Correct.

Q. And even though you are a doctor, there is no doctor-patient relationship between you and Mr. Henery, correct?

A. Correct.

Q. The only professional relationship you have to this matter is the relationship that you have with the defendant, isn't that fair to say.

A. I don't know the defendant, the only—my only obligation is to say what I believe.

Moreover, upon redirect examination, the expert medical witness testified:

No. 2, when I do an independent medical exam, you may be paying a large fee to me, but you are not paying for my opinion.

If I—if I see that someone has clearly had something occur, as I was trying to point out earlier, that has caused permanent damage, you are not going to get me to say something else except that that is the case.

Since it became abundantly clear from the entire interrogation of the medical witness that his role was neither to treat nor to serve the interest of the plaintiff, but, quite to the contrary, that he was *retained* to assist in the defense of the case, we are unwilling to conclude that appellant suffered such prejudice that a new trial must be held.

340

Appellants further argue that they are entitled to a new trial because the trial court refused to permit testimony that appellant husband did not continue in the care of his physician because of a dispute with his first party benefits carrier. Appellee had filed a written motion in limine which asserted (1) that appellant's own carrier had paid Francis X. Brescia, D.O., for 150 visits to receive physical therapy, ultrasound and manipulation treatments during the 27 months which followed the accident, (2) that the carrier had refused to make further payment because it deemed the treatments unnecessary, and (3) that appellant intended to testify that he "discontinued his care with Dr. Brescia" because the carrier refused to pay for further visits. Appellants did not file an answer to the motion, and the record does not contain a transcript of any argument upon the motion or otherwise indicate that appellant husband lacked adequate financial resources or that the physician refused to care for him unless compensated. The trial court granted the motion in limine and directed that appellants "be precluded from making any reference as to insurance". The trial court did, however, permit appellant husband to testify that he failed to continue in the care of Dr. Brescia "because of financial reasons".

Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 22, 473 A.2d 584, 588 (1984). Relevance is a threshold consideration in determining the admissibility of evidence. *Majdic v. Cincinnati Machine Co.*, 370 Pa.Super. 611, 618, 537 A.2d 334, 338 (1988). A trial court may, however, properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *Daset, supra.* Generally for the purposes of this evidentiary rule, "prejudice" means an undue tendency to suggest a decision on an improper basis. *Id.*

*Whyte v. Robinson*, 421 Pa.Super. 33, 39, 617 A.2d 380, 383 (1992). The threshold task of the trial judge in ruling upon the admissibility of evidence is to determine whether the evidence is relevant. Once the trial judge determines the

evidence is relevant, the further task of the judge is to balance the probative value of evidence against any prejudicial effect of that evidence. Since such balancing is a particular speciality of the trial judge, rulings upon admissibility are committed to the sound discretion of the trial court, and those rulings will not be overturned in the absence of an abuse of discretion. *General Equip. v. Westfield Ins. Co.,* 430 Pa.Super. 526, 543, 635 A.2d 173, 182 (1993), *allo. denied,* 537 Pa. 663, 644 A.2d 1200 (1994); *Whyte v. Robinson, supra* at 39, 617 A.2d at 383; *Rogers v. Johnson & Johnson Products, Inc.,* 401 Pa.Super. 430, 436, 585 A.2d 1004, 1007 (1990).

> Any evidence which tends to establish facts in issue or in some degree advances the inquiry at hand is relevant. *Scullion v. EMECO Industries, Inc.,* 398 Pa.Super. 294, 301, 580 A.2d 1356, 1360 (1990), *allo. denied,* 527 Pa. 625, 592 A.2d 45 (1991).

*Nigro v. Remington Arms Co., Inc.,* 432 Pa.Super. 60, 72, 637 A.2d 983, 989 (1993). *See also: Lewis v. Coffing Hoist Div., Duff-Norton Co.,* 515 Pa. 334, 528 A.2d 590 (1987).

> Evidence is relevant if it tends to make a fact at issue more or less probable. *See Gregg v. Fisher,* 377 Pa. 445, 105 A.2d 105 (1954); J. McCormick, Evidence § 185, at 437 (2d ed. 1972).

*Martin v. Soblotney,* 502 Pa. 418, 421–422, 466 A.2d 1022, 1024–1025 (1983).

■ The fact at issue for the jury was the nature and extent of the injury to appellant husband and the suffering assertedly endured by him. The relevancy challenge here presented has a dual perspective: just how probative of the injury and suffering is the termination of payments by the carrier? just how probative of the injury and suffering is the payment by the carrier for 150 visits? To present these questions is to pose the answer—the fact of payments and the fact of termination do not serve to establish the nature of the injury or serve to make it more or less probable that the cause of the asserted distress was the accident—or more or less probable that the cause of the asserted distress was the

degenerative disc disease which predated the accident. Thus there was sound and abundant basis for the trial judge to determine that the evidence which appellant sought to present was not relevant and thereby inadmissible.

Moreover, it is firmly established that evidence of insurance coverage is ordinarily inadmissible since experience lessons that the existence of coverage so frequently distracts the jury from the essential issues which it is to resolve in a detached manner—and, of course, the principle is applicable whether the the testimony concerns liability coverage of defendants, or collateral benefits coverage of plaintiffs. *Bonavitacola v. Cluver*, 422 Pa.Super. 556, 568, 619 A.2d 1363, 1370 (1993), *allo. denied*, 535 Pa. 652, 634 A.2d 216 (1993); *Greenwood v. Hildebrand*, 357 Pa.Super. 253, 263, 515 A.2d 963, 968 (1986), *allo. denied*, 515 Pa. 594, 528 A.2d 602 (1987). Thus, even if the fact of an extended series of payments or the fact of termination were, *arguendo*, relevant, the fact of coverage or payments or termination is so arguably prejudicial to either one or even both of the parties, that we have no hesitancy in ruling that there was a sound and abundant basis for a determination by the trial judge that the evidence which appellant proposed to present was prejudicial and thereby inadmissible.

Since our study compels the conclusion that the distinguished Judge Sebastian D. Natale properly denied the motions of appellants for a new trial, the judgment entered in favor of appellee is affirmed.

Judgment affirmed.