## Rooney v. Lewis

C.P. of Lawrence County, no. 11036 of 1994, C.A.

*Anthony S. Piatek*, for plaintiff.
*Leo M. Stepanian*, for defendant.

PRATT, *J.*, May 2, 1997—The plaintiff, Michael Rooney, has filed a motion in limine seeking to preclude the defendant, Leonard Lewis, from introducing evidence regarding the plaintiff's alleged intoxication at the time of the accident at issue in the case and evidence regarding reports of a man fitting the description of the plaintiff walking on the road immediately prior to the accident as observed by a witness, Michael Lumley, and documented by a phone call reporting a similar incident to the Shenango Township Police Department.

As regards the first issue, the admissibility of evidence of the plaintiff's intoxication, Pennsylvania law is clear that, while proof of intoxication is relevant where recklessness or carelessness is at issue, the mere fact of consumption of alcohol is inadmissible as unfairly prejudicial unless intoxication can be reasonably established. *Whyte v. Robinson*, 421 Pa. Super. 33, 39, 617 A.2d

380, 383 (1992). While this rule originally applied only when driving an automobile, it has been extended to evidence tending to establish the intoxication of a pedestrian. *Kriner v. McDonald*, 223 Pa. Super. 531, 533, 302 A.2d 392, 394 (1973); *Whyte, supra*. However, evidence of intoxication is inadmissible unless it proves unfitness to cross the street. *Id.*

Generally, in order to present evidence of intoxication, a party must meet two requirements. First, there must be evidence of excessive or copious drinking. *Whyte, supra*. Additionally, the evidence must demonstrate that the drinking resulted in the requisite level of intoxication. This would include evidence that the individual exhibited traits of intoxication such as staggering, stumbling, glassy eyes, incoherence, loud or slurred speech, uncooperativeness, abusiveness, lack of alertness, and emitting a strong odor of alcohol. *Whyte, supra* at 41, 617 A.2d at 384, *citing Ackerman v. Delmonico*, 336 Pa. Super. 569, 486 A.2d 410 (1984) and *Hannon v. City of Philadelphia*, 138 Pa. Commw. 166, 587 A.2d 845 (1991).

In the instant case, the evidence proffered to prove intoxication includes: (1) plaintiff's admission he consumed three, 12-ounce beers in a three-hour period prior to the accident; (2) Michael Lumley's statement that the plaintiff "appeared to be staggering" when specifically asked by an insurance investigator; and (3) reports of smelling alcohol on the plaintiff by Lumley, the police officer who responded to the accident, and the nurse who treated the plaintiff at the hospital.

However, there is no further evidence to indicate that the plaintiff was intoxicated, particularly to the extent that he would be unable to cross the street as a pedestrian. The record indicates that the plaintiff was reasonably aware and alert immediately after the ac-

cident, as he recognized the defendant as the party who struck him and was cognizant of the severity of the injury to his foot. In addition, the plaintiff was able to describe to the responding officer his version of what had happened. The officer also noted that, because of the plaintiff's condition, it was difficult to determine whether the plaintiff's speech was slurred.

When the defendant's evidence is viewed in relation to the well-established standards of Pennsylvania law, the court concludes that the evidence is insufficient to prove a degree of intoxication representing recklessness or carelessness on the part of the plaintiff. Consequently, the prejudicial effect of such evidence outweighs its probative value. Therefore, the plaintiff's motion shall be granted, and evidence of alcohol consumption or intoxication shall not be admissible at trial.

Regarding the second issue, whether the defendant may introduce evidence that the Shenango Township Police received a call that a man was walking on Route 422 just prior to the accident and that Lumley had witnessed the man walking along the road, the plaintiff contends that the evidence is irrelevant and prejudicial, as it does not establish that the plaintiff was either the subject of the phone call to the police or the man seen by Lumley walking on the road.

The threshold task in ruling upon the admissibility of evidence is to determine whether the evidence is relevant. *Henery v. Shadle*, 443 Pa. Super. 331, 340, 661 A.2d 439, 444 (1995). Evidence is relevant if it tends to make a fact at issue more or less probable. *Id.* at 341, 661 A.2d at 444. Put another way, any evidence which tends to establish facts at issue or that in some degree advances the inquiry at hand is relevant. *Id.*

One of the issues the jury must assess in the instant case is the degree to which the plaintiff may have contributed to the accident by his own negligence. Lumley's testimony is expected to be that he was concerned by the erratic behavior of the man he observed standing or walking in the middle of Route 422 and stopped at his first opportunity, intending to make a phone call to the police. When he found another person already making the call, he returned to the area to find the plaintiff had been struck by the defendant's car. Evidence that the police received such a call reporting a man walking on the roadway corroborates Lumley's testimony and helps to fix the time when the man, who Lumley presumably can identify as the plaintiff, was allegedly observed. Such evidence regarding the actions of the plaintiff just preceding the accident clearly help establish facts in dispute and further the inquiry at hand. Consequently, the evidence is relevant.

Once the court determines that evidence is relevant, it must then assess whether the probative value of the evidence outweighs any prejudicial effect of the evidence. *Henery, supra.* Prejudice has been defined as an undue tendency to suggest a decision on an improper basis, but the mere fact that the evidence will be detrimental to a party's case does not constitute prejudice. *Commonwealth v. Green,* 477 Pa. 170, 176, 383 A.2d 877, 880 (1978); *Henery, supra* at 341, 661 A.2d at 444; *Whyte, supra* at 39, 617 A.2d at 383. Prejudice results when evidence inflames the passions of the jury and forces them to make a decision based upon something other than the legal propositions relevant to the case. *Commonwealth v. McMaster,* 446 Pa. Super. 261, 272, 666 A.2d 724, 729 (1995).

The evidence the defendant here seeks to offer serves not to inflame the passions of the jury but to illuminate

the jury's fact-finding inquiry. The plaintiff is free to challenge this evidence upon its presentation, provide rebuttal testimony, and present arguments which may persuade the jury to give this evidence less weight in deliberation. On the other hand, this evidence is crucial to the defendant's ability to attempt to prove the plaintiff's contributory negligence. To exclude such relevant evidence would be manifestly prejudicial to the defendant. Furthermore, this evidence is not the type that would confuse the jury and, in fact, is more likely to assist the jury in rendering a decision founded on the relevant legal principles. Since the probative value of the evidence significantly exceeds any prejudicial effect on the plaintiff, the court concludes that the evidence is admissible.

Accordingly, the plaintiff's motion in limine shall be granted in part and denied in part. Evidence regarding the plaintiff's intoxication or consumption of alcohol is unduly prejudicial and, thus, shall be inadmissible. However, the evidence from Michael Lumley and the Shenango Township Police regarding their observation and report of a man walking on Route 422 prior to the time of the accident is admissible and may be introduced at trial. The court shall issue an accompanying order effectuating these conclusions.

## ORDER

In compliance with the reasoning and conclusions contained in the opinion appended hereto, the plaintiff's motion in limine is granted in part and denied in part as follows:

(1) Any evidence of plaintiff's alleged intoxication or consumption of alcohol is inadmissible.

(2) Testimony of Michael Lumley and the Shenango Township Police regarding their observations and report of a man walking on Route 422 prior to the accident is admissible.