**Summerson v. HRI Inc.**

C.P. of Centre County, no. 2008-1020.

*Stuart L. Hall*, for plaintiff.
*David B. Consiglio*, for defendants.
*Edward I. Levicoff*, for additional defendants.

GRINE *P.J.,* March 9, 2010—Presently before the court are motions in limine brought by HRI Inc. and

PennDOT (defendants). Protection Services (additional defendants) joins defendants in their motions.

## DISCUSSION

Defendants are asking the court to exclude certain testimony by Aaron Rhone and Kimberly Croft. Defendants claim that some of the testimony they may provide is irrelevant, speculative and not rationally related to their own perceptions of the actual accident scene. "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Pa.R.E. 701.

The testimony of Mr. Rhone must remain limited to the scope of what he actually witnessed on the day of Ms. Summerson's accident and within the vicinity of Ms. Summerson's accident. Mr. Rhone may not testify to the conditions of construction sites he has seen in the past or since the date of Ms. Summerson's accident. This evidence would be irrelevant, based on Mr. Rhone's specialized knowledge as a firefighter and would likely confuse, mislead, and prejudice the jury. "The basic requisite for the admission of any evidence is that it be both competent and relevant." *McManamon v. Washko*, 906 A.2d 1259, 1274 (Pa. Super. 2006). Mr. Rhone's observations about the condition of other construction sites on other days are not relevant to the current action. Mr. Rhone also has specialized training in an area relat-

ing to traffic patterns. Mr. Rhone is a firefighter and has specialized knowledge of emergency traffic control requirements. Mr. Rhone does not have any expertise in the area of traffic control devices as they are used in a construction zone. Pa.R.E. 701 limits testimony by non-experts to testimony "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Finally, the court finds that the testimony that defendants seek to exclude may confuse, mislead or prejudice the jury. Under *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 698, 708 (Pa. Super 2000), such evidence should be excluded, even if they would otherwise be admissible. The court agrees with defendants that testimony from a firefighter relating to the way traffic patterns should be or whether they were confusing on a day other than the day of Ms. Summerson's accident would be prejudicial and confusing to the jury. Therefore the court will limit Mr. Rhone's testimony to what he witnessed on the day of Ms. Summerson's accident. Mr. Rhone will not be permitted to provide his opinions as to the conditions of traffic patterns at a different location or on a different day at the same location. Additionally, Mr. Rhone will not be permitted to give his testimony as to whether the traffic pattern was improperly marked or whether it was confusing. Mr. Rhone will also not be permitted to discuss his training in Highway Incident Scene Safety guidelines; as such testimony is irrelevant and prejudicial to the current claim.

Ms. Croft shall similarly not be permitted to testify as to her observations of construction sites and traffic patterns she observed at times other than the time of Ms. Summerson's accident. Additionally she will not be permitted to testify as to the condition of traffic patterns

and markers at a location other than the scene of the accident. Ms. Croft may not testify as to whether or not she felt that the traffic pattern at the scene of Ms. Summerson's accident was confusing. Plaintiff and defendants have the opportunity to describe the traffic pattern and the markers to the jury and the jury will be able to draw their own conclusions from this evidence. "When facts can be fully and accurately described to the jury, and the jury persons, without special knowledge or training, are capable of estimating the bearing of those facts on the issues of the case, opinions of witnesses, expert or otherwise, are inadmissible." *Whyte v. Robinson*, 421 Pa. Super. 33, 40, 617 A.2d 380, 384 (1992). Ms. Croft shall not be permitted to make any mention of missing traffic pattern markers at different locations or at a time other than the time of Ms. Summerson's accident. Ms. Croft shall not be permitted to make generalized statements about the condition of the construction site such as "it was always screwed up," as these would confuse and mislead the jury.

## ORDER

And now March 9, 2010, the court enters the following order:

(1) Mr. Rhone shall only be permitted to testify as to what he observed on the day and at the time of Ms. Summerson's accident. Mr. Rhone shall not be permitted to testify as to the proper or improper placement of traffic pattern markers. Mr. Rhone shall not be permitted to testify as to the condition of the construction site at any other day or a location other than the scene of Ms. Summerson's accident. Mr. Rhone shall not be permitted to testify as to whether the traffic control pattern at the scene

of the accident was "confusing." Mr. Rhone shall not make any comparison between the construction site where Ms. Summerson's accident occurred and any other construction site or any accident scene where traffic control devices were used.

(2) Ms. Croft shall only be permitted to testify as to what she observed at the day and time of Ms. Summerson's accident. Ms. Croft shall not be permitted to testify as to whether the construction site and traffic patterns were confusing. Ms. Croft shall not be permitted to compare the construction site at the scene of the accident to other constructions sites she has seen at other times.