J-S74002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGARET THEMENS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SONJA G. SPRANGER AND HANNO W. SPRANGER | : | |
| | : | |
| | : | No. 1675 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered April 27, 2017
In the Court of Common Pleas of Chester County Civil Division at No(s):
2015-00415-CV

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 30, 2018**

Sonja G. Spranger and her husband, Hanno W. Spranger ("the Sprangers"), appeal from the April 27, 2017 order granting Margaret Themens a new trial on damages.  After careful review, we affirm.

This action arises from an automobile accident that occurred on November 15, 2012, at the intersection of Coldstream and Charlestown Roads in Charlestown Township, Chester County, Pennsylvania.  Mrs. Spranger stopped at a posted stop sign on Coldstream Road.  She proceeded to turn left into the southbound lanes of Charlestown Road where she struck the right front of a car driven by Mrs. Themens that she admittedly failed to see.  The impact sent Mrs. Themens' vehicle across the northbound lanes of travel into a grassy area between two trees.

Mrs. Themens was taken by ambulance to Paoli Hospital, where she underwent various tests and was diagnosed with cervical and lumbar strain/sprain and a whiplash-type injury. She was prescribed medication and physical therapy, and was directed to follow up with her personal physician. At the time of trial four years later, Mrs. Themens still had complaints of sciatica, a debilitating low back and right leg pain, as well as neck and right shoulder pain.

Mrs. Themens commenced an action for negligence in the magisterial district court, and on December 18, 2014, she was awarded $12,160 in damages. The Sprangers appealed, and a panel of arbitrators found in Mrs. Themens's favor and awarded her $25,000. The Sprangers appealed to the court of common pleas. Prior to trial, Mrs. Spranger stipulated that she was negligent, and the case was presented to a jury on the issues of causation and damages only.

Mrs. Themens presented testimony from Eric Hughes, an insurance adjustor, who examined the vehicles following the accident and authenticated photographs depicting their condition following the accident. Mrs. Themens testified about the accident, her injuries at the time, and the sciatica, and neck and shoulder pain she continued to experience. Initially, she could not perform secretarial duties for her husband's business, babysit her grandchildren, or visit her mother. She was able to resume some of those activities later, but not to the same degree. Mr. Themens confirmed

that his wife was not back to her pre-accident physical condition, "not even close." *Id*. at 81.

Mrs. Themens explained that she stopped going to physical therapy because the therapist "was causing me more pain, getting too aggressive with his exercises he wanted me to do, and I went home worse off." *Id*. at 69. However, she demonstrated the stretching exercises she performs twice daily, and explained that she felt she had been improving on her own. *Id*. at 71. She stated she did not see medical specialists because she was not interested in surgery or strong medications.

Counsel for Mrs. Themens offered, by stipulation, the report of Vincent DiStefano, M.D., which was admitted and read to the jury. *See* Plaintiff's Exhibit 6. The report indicated that Dr. DiStefano examined Mrs. Themens on April 30, 2016, and, at that time, her primary complaints were pain at the right side of her neck to the top of her shoulder, and a burning pain in her lower back and right buttock with a stabbing pain down her right leg. *Id*. at 85, 88. She had experienced right-sided sciatica thirty-eight years before, but she had recovered and remained asymptomatic until the accident. *Id*. at 86. Dr. DiStefano diagnosed "sprain/strain of the cervical spine with residual symptoms suggestive of cervical spondylosis and degenerative disc disease." *Id*. at 91. He also found "strain/sprain of the lumbar spine and radiculitis of the right lower extremity. Possible herniated nucleus pulposus/spinal stenosis." *Id*. The physician opined that Mrs. Themens had

"not returned to pre-injury baseline" and that her prognosis for significant recovery was poor. *Id*. Dr. DiStefano recommended further studies and referral to pain management. It was his opinion, rendered within a reasonable degree of medical certainty, that Mrs. Themens's present complaints were a direct result of the injuries she sustained in the motor vehicle accident. *Id*.

Mrs. Spranger briefly testified regarding the circumstances of the accident. The defense introduced, again by stipulation, the August 10, 2015 report of John F. Perry, M.D., and read it to the jury. Dr. Perry characterized Mrs. Themens' chief complaint as low back and right leg pain. She reported reported heel pain and tingling in her toes, arm pain while working at the computer, and tenderness in the bicep area of the right shoulder. Dr. Perry also reviewed Mrs. Themens's medical records, and arrived at a diagnosis of "Motor vehicle accident with somatic complaints." *Id*. at 103-04. After pointing out the absence of objective findings, he hypothesized "that the symptoms are suggestive of a possible intermittent radiculopathy and low back pain dysfunction." *Id*. at 104. He recommended no treatment, and he was unable to "identify a condition that would produce a disability related to the motor vehicle accident." *Id*.

On December 8, 2016, the jury awarded Mrs. Themens damages in the amount of $2,000 for past, present and future pain and suffering, embarrassment and humiliation, and loss of enjoyment of life. She filed a

timely motion for post-trial relief, claiming that the damage award was grossly inadequate to compensate her fairly for the injuries she suffered in the accident. On April 27, 2017, the trial court agreed, and granted Mrs. Themens a new trial.

The Sprangers timely appealed to this Court and complied with the trial court's order directing them to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and the matter is ripe for our review. The Sprangers present one issue for our review:

> Whether the trial court committed an error of law and/or abused its discretion in granting a new trial on damages where the jury verdict did not shock the conscience and the damages were not against the weight of the evidence.

Appellants' brief, at 2.

A trial court may set aside a jury verdict "as inadequate where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff." **Hobbs v. Ryce**, 769 A.2d 469, 473 (Pa.Super. 2001). As our Supreme Court stated in **Criswell v. King**, 834 A.2d 505, 512 (Pa. 2003):

> The basis for a weight claim derives from the fact that the trial court, like the jury, had an opportunity to hear the evidence and observe the demeanor of the witnesses; the hope and expectation animating a weight challenge is that the trial court will conclude that the verdict was so contrary to what it heard and observed that it will deem the jury's verdict such a miscarriage of justice as to trigger the court's time-honored and inherent power to take corrective action.

Our Supreme Court cautioned, however, that in granting a new trial on this basis, a trial court must leave no doubt "that the evidence and the verdict on that evidence represents an injustice." *Boggavarupo v. Ponist*, 542 A.2d 516, 519 (Pa. 1988).

The trial court found that the evidence of Mrs. Themens's pain and suffering due to Mrs. Spranger's negligence was "clear, credible, and essentially uncontradicted." Trial Court Opinion, 7/13/17, at 6. It concluded that, "the jury's award of only $2,000.00 for past, present and future pain and suffering, embarrassment and humiliation, and loss of enjoyment of life <u>did</u> shock our conscience, <u>was</u> against the weight of the evidence, and in our view mandated the grant of a new trial." *Id*. at 2 (emphasis in original).

When this Court reviews a trial court's grant of a new trial based on the weight of the evidence, we

> will not reverse the trial court's grant or reversal of a new trial unless its decision presents a gross abuse of discretion or an error of law. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will.

*Kopytin v. Aschinger*, 947 A.2d 739, 742 (Pa.Super. 2008) (citations omitted).

The Sprangers' sole contention is that the jury heard conflicting expert opinions in this case regarding Mrs. Themens's injuries. Consequently, they argue that the verdict rendered by the jury did not shock the conscience or one's sense of injustice. In support of their position that there was an

evidentiary basis for the jury's determination, and that the grant of a new trial was an abuse of discretion, they direct our attention to this Court's decision in **Henery v. Shadle**, 661 A.2d 439, 442 (Pa.Super. 1995).

In **Henery**, the plaintiff alleged that he suffered neck and back pain in an automobile accident caused by defendant. Plaintiff offered the testimony of his family physician in support of his injuries. The defendant presented the testimony of a board-certified orthopedic surgeon that the plaintiff suffered from pre-existing degenerative disc disease that had not been affected by the accident. The jury returned a verdict in favor of the defendant and awarded zero damages, and the trial court denied plaintiff's motion for a new trial. This Court affirmed the trial court's refusal to disturb the verdict, finding "there was a sure and certain evidentiary basis for the determination[,]" namely the contrary expert medical testimony from the defendant's orthopedic surgeon that the defendant's negligence was not a substantial factor in plaintiff's injuries. **Id**. at 442.

We find **Henery** inapposite. In the instant case, Mrs. Spranger stipulated that she was negligent. Mrs. Themens offered expert medical testimony that the negligence was a substantial factor in her injuries. Unlike the expert medical evidence in **Henery**, however, Mrs. Themens's expert medical testimony herein was uncontroverted. We define uncontroverted evidence as "evidence which is unopposed or unchallenged, not merely uncontradicted." **Carroll v. Avallone**, 939 A.2d 872, 874-75 (Pa. 2007)

(citations omitted). It is not necessary that the opposing party introduce affirmative countervailing evidence; effective cross-examination and argument may suffice. *Id*.

The Sprangers contend that the jury heard conflicting expert opinions in this case since their expert, John F. Perry, M.D., opined that there were no objective physical findings present. Appellants' brief at 15. Dr. Perry opined that Mrs. Themens's "[c]urrent clinical findings and her complaints are only related to the accident based on her report of the same." N.T., 12/8/16, at 104. Not only did Dr. Perry fail to offer expert opinion that the automobile accident was not a substantial contributing factor in Mrs. Themens's injuries, his diagnosis was a "[m]otor vehicle accident with somatic complaints." N.T. Jury Trial, 12/18/16, at 103-04. Noting that Mrs. Themens had a pre-existing condition of sciatica, he opined that her subjective complaints "are suggestive of a possible intermittent radiculopathy and low back pain dysfunction[,]" but he could not "identify a condition that would produce a disability related to the motor vehicle accident." *Id*. at 104.

The trial court found, and the record supports, that Mrs. Themens's expert medical testimony was essentially uncontroverted. Dr. Perry offered no opinion that Mrs. Themens was not injured in the accident; only that her complaints were subjective. Dr. Perry had no opinion regarding a causal

relationship between Mrs. Themens's injuries and the accident because he did not have objective data to confirm (or refute) such a determination.

Mrs. Themens's medical expert, Dr. DiStefano, opined in his report that "Mrs. Themens sustained the following injuries: Sprain/strain of the cervical spine with residual symptoms suggestive of cervical spondylosis and degenerative disc disease. Second: Strain/sprain of the lumbar spine and radiculitis of the right lower extremity. Possible herniated nucleus pulposus/spinal stenosis." N.T. Jury Trial, 12/18/16, at 91. Furthermore, Dr. DiStefano opined with a reasonable degree of medical certainty that Mrs. Themens's prognosis for recovery is poor, she has not returned to her pre-injury baseline, and her current complaints are a direct result of the injuries she sustained in the automobile accident. *Id*. The Sprangers did not challenge Dr. DiStefano's opinion at trial, largely because the admission of expert reports precluded any cross-examination of the expert.

We find ample record support for the trial court's conclusion that Dr. DiStefano's expert opinion that the automobile accident was a substantial factor in causing Mrs. Themens's injuries was uncontroverted. The court also recounted Mrs. Themens's testimony regarding her pain and suffering and her loss of enjoyment of life, both in the past and ongoing into the future:

> Mrs. Themens offered significant evidence of the injuries she suffered in the accident, as well as the continuing pain and physical limitations caused by those injuries. The accident itself felt to Mrs. Themens like a "bomb" had gone off, and she

suffered immediate pain to her chest, back, neck, shoulder and arms that required a trip to the emergency room. At the emergency room she was prescribed pain medication and muscle relaxers. For two weeks she continued to experience pain, including sciatica pain that started the day after the accident, at which point she saw her personal physician. Her physician recommended physical therapy and prescribed muscle relaxers and anti-inflammatory medication. Mrs. Themens attended three physical therapy appointments after which she decided to treat herself at home.

Mrs. Themens testified that for the first month after the accident her lifestyle "stopped," and that [she] was unable to continue her secretarial work for her husband's business, babysitting her grandchildren, and caring for her 90 year-old mother. Four years after the accident, Mrs. Themens is still unable to lift her grandchildren. Four years after the accident Mrs. Themens is still unable to comfortably ride in an automobile for any significant amount of time. Four years after the accident, Mrs. Themens can no longer swim laps, an activity she enjoyed four times a week prior to her accident. . . . [H]er ability to garden, houseclean, cook and even sleep are still negatively impacted by the accident. . . . [She] continues to perform daily a series of stretching exercises in an attempt to alleviate some of her symptoms. . . . [She] continues to suffer sciatica pain that can at times be "excruciating."

Trial Court Opinion, 7/31/17, at 3-4.

The trial court concluded that, in light of the admitted negligence and the uncontroverted evidence of injuries sustained in the accident, the jury's award of $2,000 was inadequate, against the weight of the evidence, and shocking to the conscience. In explaining its decision to grant a new trial based on the inadequacy of a jury verdict, the court professed a clear conviction that that the $2000 verdict was unjust.

We find that the record supports the trial court's determination that the jury's verdict was an injustice that bore no reasonable relationship to the

loss suffered by Mrs. Themens.  Hence, we find no abuse of discretion in the grant of a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/18