Kriner, Appellant, *v.* McDonald.

Argued November 15, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*John N. Gazetos,* with him *C. Donald Gates, Jr.,* and *Brandt, McManus, Brandt & Malone,* for appellant.

*Michael M. Mamula,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that the trial court erred in refusing to grant him a new trial after appellee's counsel had prejudicially remarked that appellant's deceased had been under the influence of alcohol at the time the deceased was struck and killed by appellee's automobile. Appellee's counsel made these references during his examination of witnesses and in his closing remarks to the jury.

On May 16, 1970, appellee Robert E. McDonald was proceeding east on West Cunningham Street in his automobile when the vehicle struck and killed the appellant's deceased, Charles M. Kriner.

Appellant's testimony established that Kriner had left the Red Garter Motel-Bar-Restaurant just prior to his being killed. During the cross-examination of appellant's witness, Anthony Zaccari, appellee's counsel attempted to elicit information as to whether or not Kriner was under the influence of alcohol at the time of the accident. The court sustained appellant's objection to the question because appellee had not laid a proper foundation for that line of questioning. Although no further foundation was laid to establish Kriner's intoxication, appellee's counsel attempted to introduce evidence of the deceased's blood test through appellant's next witness David L. Campbell. The court again refused to permit that line of questioning. Later appellee recalled Campbell as his own witness and sought to have the blood test introduced. This second attempt likewise failed. Appellee's counsel then called Bertha Hays, a barmaid, in order to establish how long the deceased had been in the bar. The judge allowed

this evidence to come into the record. In order to rebut the inference that the deceased had been drinking in the bar for a long period of time, appellant's attorney questioned the waitress on whether or not she would have served the deceased another drink. She answered that she would have. In cross-examination the deceased's daughter, appellee also introduced evidence that the deceased had been hospitalized for alcoholism three or four years before the accident. This testimony was allowed to remain in the record over appellant's objection. Finally, counsel for appellee argued to the jury that Kriner was intoxicated.

The jury found that both the appellee and the deceased were negligent; thus, the appellant was denied recovery.

The general rule on the admissibility of evidence of intoxication was set forth in *Morreale v. Prince*, 436 Pa. 51, 53, 258 A. 2d 508 (1969) : "This court has long held that '. . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive. . . .' "[1] Evidence of drinking or presence in a bar both "give rise to the insidious inference that the individual involved was intoxicated or under the influence of alcohol, which inference without some proof of intoxication has no role to play in any case." *Morreale*, supra.

Analogously, evidence tending to establish intoxication on the part of a pedestrian is inadmissible unless such evidence proves unfitness to be crossing the street. Pennsylvania courts have gone to great lengths to enforce this rule. Consequently, no reference should be

---

[1] Evidence of a blood test has been specifically held inadmissible unless the results show unfitness to drive. *Billow v. Farmers Trust Company*, 438 Pa. 514, 266 A. 2d 92 (1970).

made to a pedestrian's use of alcohol unless there is evidence of intoxication or copious drinking on the part of the pedestrian; for example, evidence that the injured party was staggering or had liquor on his breath gives support to such an inference. *Cook v. Philadelphia Transportation Co.,* 414 Pa. 154, 158, 199 A. 2d 446 (1964). Thus, the Supreme Court of Pennsylvania even sustained a trial court refusal to permit testimony to the effect that a pedestrian had exited the Crazy Bar, immediately prior to her being struck by a bus. *Cook,* supra. In the instant case, appellant did not request that the trial judge prohibit references to the Red Garter Bar. This does not justify the appellee's remarks about the deceased's drinking.

Attorneys are given some latitude in developing their cases; counsel is permitted to cross-examine witnesses to ferret out what he reasonably believes is a concealed truth. The error occurs when both counsel and the court allow the proceedings to "drift on a tide of alcoholic debate" which obscures the issue of who was responsible for the accident. *Wentworth v. Doliner,* 399 Pa. 356, 361, 160 A. 2d 562 (1960).

The evidence of intoxication did not prove that Kriner was unfit to be crossing the street at the time of the accident; therefore, the fact that he might have been drinking had absolutely no bearing on the issue of whether or not he was contributorily negligent. The only evidence of contributory negligence was the defendant's statement that the deceased suddenly appeared before his car without notice. All the other evidence pointed to the fact that the defendant's negligence was the sole cause of the accident. In light of this evidence, the argument that the deceased was intoxicated may have been a substantial factor in the jury's determination.

Furthermore, the argument that the deceased was intoxicated was clearly improper. In a summation, an

attorney must faithfully adhere to the facts adduced at trial. *Smith v. Evans,* 421 Pa. 247, 251, 219 A. 2d 310 (1966). The trial judge properly suppressed most of the evidence with respect to Kriner's drinking. Yet, appellee's counsel insisted upon arguing the issue of intoxication to the jury. Given the prejudice which the inference of intoxication creates in the minds of the jurors *Critzer v. Donovan,* 289 Pa. 381, 385, 137 A. 665 (1927); *Fisher v. Dye,* 386 Pa. 141, 125 A. 2d 472 (1956), a new trial must be granted. "... a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony. It is not founded on the truth of the cause. In sustaining an assignment based on improper comments of counsel, it was said in the opinion in *Holden v. Railroad Co.,* 169 Pa. 1, that the only efficacious remedy in such a case was to withdraw a juror, and that the practice of doing so which obtained in some courts should be widely extended as an admonition to counsel." *Saxton v. Pittsburgh Railways Co.,* 219 Pa. 492, 495-496, 68 A. 1022 (1908).[2]

We reverse the decision of the lower court and remand for a new trial.

WRIGHT, P. J., dissents.

---

[2] See, Levin, Persuading the Jury, 105 U. Pa. L. Rev. 139 (1956).