### Dragovits v. Lehr

C.P. of Lehigh County, no. 99-C-0342.

*Irving L. Abramson,* for plaintiff.
*Steven M. Liero,* for defendants.

BLACK, *J.,* March 28, 2000—Before the court is plaintiff's motion in limine to suppress all references to alcohol or drug use on the part of plaintiff in the upcoming trial of his personal injury case against defendants. Defendants contend that evidence of plaintiff's blood alcohol content is relevant to their claim that plaintiff was contributorily negligent. However, in the circumstances here presented, we conclude that such evidence is inadmissible under Pennsylvania Rule of Evidence 403.[1] What-

---

1. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair

ever limited probative value such evidence may have is clearly outweighed by the danger of unfair prejudice and confusion of the issues.

This case involves an early morning automobile accident in which plaintiff was walking or running across a two-lane city street, either within or outside the crosswalk, when he either ran into or was struck by an automobile operated by defendant Lucille Lehr. There were no witnesses to the accident other than the parties themselves, and apparently neither party saw the other until an instant before the impact. Each side contends that the accident was caused solely by negligence on the part of the other.

In support of their position, defendants propose to introduce expert opinion testimony from John Brick Ph.D., that as a result of plaintiff's alcohol consumption "[a]t the time he walked or ran across the street, his ability to perform highly complex tasks was impaired even though his blood alcohol level was low." According to Dr. Brick:

"One of the most pronounced effects of alcohol is on divided attention tasks, in which the person must divide their [sic] attention between different activities, *i.e.,* 'multi-tasking.'

"With regard to pedestrian activity, the person must divide their [sic] attention between many different tasks.
. . .

"Consistent with divided attention failure produced by alcohol, Mr. Dragovits failed to attend to, make estimates of, and respond appropriately to an oncoming ve-

---

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

hicle when he entered the roadway." See motion in limine to suppress all reference to alcohol or drug use by the plaintiff, exhibit A, expert report of John Brick Ph.D., pp. 2-3.

Dr. Brick's report does not refer to any testimonial evidence that plaintiff had consumed an excessive amount of alcohol or that he showed any physical signs of impairment such as staggering or slurring of speech around the time of the accident. His opinion is based primarily on the police report and hospital records. The police report indicates that plaintiff had an odor of alcohol on his breath when the investigating officer arrived at 6:44 o'clock a.m., very shortly after the accident. The hospital records indicate that 40 minutes after the accident, plaintiff had a BAC of .02-.028 percent. Dr. Brick extrapolates from this data that plaintiff's BAC was approximately .03-.04 percent at the time of the accident. Based on this conclusion, Dr. Brick disputes plaintiff's deposition testimony that he consumed only two beers the previous evening; instead Dr. Brick opines that plaintiff more likely consumed six or seven beers during the course of that evening.

In response to Dr. Brick's expert report, plaintiff has secured an expert report from Stanley J. Broskey Ph.D., in which Dr. Broskey opines that Dr. Brick was without sufficient information (such as the plaintiff's tolerance for alcohol) to be able to extrapolate plaintiff's BAC at the time of the accident to a reasonable degree of certainty; and that even if the extrapolation were correct, there is no consensus within the scientific community that a .03-.04 percent BAC "would impair a tolerant individual." See motion in limine to suppress all reference to alcohol or drug use by the plaintiff, exhibit B, expert report of Stanley J. Broskey Ph.D.

We need not reach the *Frye* issue[2] suggested by Dr. Broskey's report because we believe there is a more fundamental flaw in defendants' proposed evidence. The relevant question for the fact-finder in this case is how plaintiff conducted himself when he attempted to cross the street, not how much he drank the night before. Unfortunately, once reference is made to plaintiff's alcohol consumption, the fact-finder is likely to become distracted from the relevant question and to focus instead on the alcohol. For this reason, a court must exercise a high degree of caution in a trial of this nature before allowing any reference to the consumption of alcohol by one of the parties. Under Pennsylvania Rule of Evidence 403, we are required to weigh the probative value of the evidence proposed against the danger of unfair prejudice or confusion.

In this case, the proffered opinion of Dr. Brick that a BAC of .03-.04 percent would have impaired plaintiff's ability "to perform highly complex tasks" at the time of the accident is of very limited probative value. In the real world, the act of crossing a two-lane street on foot cannot be considered a "highly complex" task. Therefore, the BAC evidence is of dubious relevance. On the other hand, any reference to plaintiff's BAC could easily cause confusion and would be unfairly prejudicial to plaintiff. Consequently, evidence of plaintiff's BAC is inadmissible under Pa.R.E. 403. Evidence that plaintiff

---

2. Under *Frye v. United States,* 293 F. 1013 (App. D.C. Cir. 1923) as adopted by the Pennsylvania Supreme Court in *Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977), an expert opinion on a scientific issue is admissible only if the opinion or the methodology used is generally accepted in the relevant scientific community.

had alcohol on his breath when the police arrived is also inadmissible for the same reason.

Defendants claim that section 3550 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3550, and the case of *Kriner v. McDonald,* 223 Pa. Super. 531, 302 A.2d 392 (1973), provide support for their position. We disagree. Section 3550 provides:

"A pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders the pedestrian a hazard shall not walk or be upon a highway except on a sidewalk."

In *Clinton v. Giles,* 719 A.2d 314, 318 (Pa. Super. 1998), *alloc. denied,* 559 Pa. 662, 739 A.2d 163 (1999), the Superior Court recently rejected the defendant's argument that section 3550 permitted use of expert medical testimony to establish pedestrian/plaintiff's purported intoxication as a form of contributory negligence. The court held that unless there was corroborating evidence of intoxication, blood alcohol evidence in the form of a hospital laboratory report and expert medical testimony is not admissible to prove intoxication in a civil trial. The required corroborating evidence could be (a) testimony that the pedestrian had consumed copious amounts of alcohol or (b) testimony that at the time of the incident the pedestrian had exhibited physical signs of intoxication such as "staggering stumbling, aimless wandering or incoherent mumbling." 719 A.2d at 318-19; see also, *Whyte v. Robinson,* 421 Pa. Super. 33, 40-43, 617 A.2d 380, 384 (1992).

In this case, defendants have not identified any corroborating evidence of intoxication. There is no direct evidence that plaintiff consumed large amounts of alcohol. The reference in the police report to an odor of alco-

hol on plaintiff's breath does not prove copious drinking or intoxication; such an odor could have resulted from a single drink. Nor has any evidence been produced that plaintiff exhibited physical characteristics at the time of the accident that suggest impairment. By her own admission, defendant Lucille Lehr did not see plaintiff until a moment before the impact, and there were no witnesses other than the parties. Defendants' assertion that plaintiff "darted" into the street cannot be considered evidence of intoxication; otherwise we have a classic instance of circular reasoning: plaintiff must have darted into the street; therefore, he must have been intoxicated; therefore, he must have darted into the street. Defendants' expert witness report does not identify any testimonial evidence suggesting impairment; nor have defendants by means of affidavit or deposition presented any such evidence. Therefore, under *Clinton v. Giles, supra,* evidence of plaintiff's BAC is not admissible to prove that he was under the influence of alcohol and hence contributorily negligent for violation of section 3550.

Defendants' reliance on *Kriner v. McDonald, supra,* is also misplaced. In *Kriner* the Superior Court specifically warned against "allow[ing] the proceedings to 'drift on a tide of alcoholic debate' which obscures the issue of who was responsible for the accident." *Kriner,* 223 Pa. Super. at 534, 302 A.2d at 394 (quoting *Wentworth v. Doliner,* 399 Pa. 356, 361, 160 A.2d 562, 565 (1960)). The Superior Court stated in *Kriner:*

"The evidence of intoxication did not prove that Kriner was unfit to be crossing the street at the time of the accident; therefore, the fact that he might have been drinking had absolutely no bearing on the issue of whether or not he was contributory negligent." *Kriner,* 223 Pa. Super. at 534, 302 A.2d at 394.

The court further noted that reference should not be made to a pedestrian's alcohol consumption unless there is sufficient evidence to show "intoxication or copious drinking." *Kriner,* 223 Pa. Super. at 533-34, 302 A.2d at 394. In the instant case, defendants have presented no such evidence.

We note that section 1547(d) of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §1547(d), establishes three rules for using blood alcohol evidence where a person is charged with operating a motor vehicle while under the influence of alcohol: (1) a BAC level of .05 percent or less raises the presumption that the operator is *not* under the influence of alcohol; (2) a BAC level in excess of .05 percent but less than 0.10 percent does not give rise to presumption that a person was, or was not, under the influence of alcohol, but the level may be considered with other competent evidence in determining impairment; and (3) a BAC level of .10 percent or greater may be admitted into evidence to establish a person's impairment in operating a motor vehicle. The Superior Court has indicated that the presumptions of 75 Pa.C.S. §1547 do not apply to pedestrians; thus, we do not find that these standards are controlling in our decision. See *Whyte v. Robinson,* 421 Pa. Super. 33, 617 A.2d 380. However, it would be incongruous for a person with a BAC of less than .05 percent to be presumed capable of engaging in the complex act of operating a motor vehicle, but incapable of the far simpler act of crossing a street on foot. This is particularly true where, as in this case, defendants have presented no evidence that plaintiff manifested any of the physical signs of intoxication.

For these reasons, we believe any reference to plaintiff's alcohol consumption in this case would cause un-

fair prejudice and confusion without adding any significant relevant information. Mindful of the Superior Court's warning in *Kriner,* we will not permit the proceeding to "drift on a tide of alcoholic debate." Accordingly, plaintiff's motion in limine to suppress all references to alcohol or drug use on the part of plaintiff must be granted.

## ORDER

Now, March 28, 2000, upon consideration of plaintiff's motion in limine to suppress all references to drug or alcohol use by plaintiff, after review of the briefs submitted by the parties, and for the reasons set forth in the accompanying opinion, it is ordered that said motion be and the same hereby is granted. Defendants are precluded from making any reference at the trial of this case to alleged alcohol or drug use on the part of plaintiff.